IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> DR. JAMES D. LUKETICH, UNIVERSITY OF PITTSBURGH MEDICAL CENTER, AND UNIVERSITY OF PITTSBURGH PHYSICIANS, <br><br> Defendants. | Civil Action No. 19-495 <br><br> Judge Cathy Bissoon |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

On February 3, 2022, Relator Dr. Jonathan D'Cunha ("Dr. D'Cunha) filed a Motion to Amend the Court's August 31, 2021 Order (Doc. 106), requesting that the Court modify its August 31, 2021 Order such that Relator's counsel could share with non-*qui tam* counsel and with Dr. Lara Schaheen ("Dr. Schaheen") and her counsel several documents previously filed under seal—Docs. 39, 41, 43—in relation to a state court case. Dr. D'Cunha represents that the Government had no objection. Claire M. Sylvia Declaration (106-2) at ¶ 8. On February 4, 2022, Defendants filed a Response (Doc. 108), indicating they had no objection to the request but seeking to correct what they viewed as Relator's misstatements and omissions regarding the state court case.

The Court allowed UPMC analogous relief when this case was still under seal. See Doc. 28. In consideration of this and the lack of objection from any party, the motion is granted.

There is, however, another issue that concerns the Court—the excessive delay in the filing of the instant Motion. On September 29, 2021, Dr. D'Cunha filed a Motion for Leave to File Under Seal. The only details proffered in that motion was that sealing was required because the contemplated motion would address the subject and content of the August 31, 2021 Order—which is sealed—as well as other sealed filings. While vague, the Court took it on faith that these representations would bear out, and the Court granted leave based on these representations on October 12, 2021. The Court expected a Motion to be filed promptly, but Dr. D'Cunha filed the instant Motion over three months after receiving the Court's leave. All parties should note that when seeking leave to file motions from the Court, the Court expects the subject motion to be filed in short order. Dr. D'Cunha has offered no explanation for the delay.

Furthermore, and perhaps more troubling, upon the Court's review of the Motion, there is very little that needed to be sealed in the first instance—the matters regarding the state case appear to be public record or mostly irrelevant and given Defendants' representations that they would have consented to this request, unnecessary to bring to the Court's attention for this purpose. The hundreds of pages of exhibits attached to the Motions are likewise unnecessary. In short, the majority of the content of the Motion and accompanying brief was extraneous given the lack of objection from any party to Dr. D'Cunha's request. The Court reminds parties that this forum is not a chance to relitigate squabbles in their state case, and the parties should make best efforts to confer with each other before presenting issues to the Court. To the extent Dr. D'Cunha needed to refer to specific sealed filings, such as the specific filings he wanted to share with his counsel and Dr. Schaheen and her counsel, or the June 9, 2021 Order (Doc. 28), he could have done so by using docket numbers and dates. It appears that in order to seek the relief requested, he need not have discussed their contents, which remain under seal.

The Court warns parties that judicial records are presumed to be public—and this case is now public as of the filing of the Intervenor Complaint, on September 2, 2021.  As such, moving forward, in order to request leave to file a motion under seal, parties must align their proffered justifications with the standard set forth in In re Avandia Marketing Sales Practices & Products Liability Litig., 924 F.3d 662 (3d Cir. 2019), which makes clear that "the common law right of access begins with a thumb on the scale in favor of openness." Id. at 676.  The Court reminds all lawyers in this case that they are officers of the Court, and to the extent counsel are unfamiliar with the laws of this Circuit, it is their obligation and responsibility to know it.  Parties are also directed to review the Court's Order regarding another sealing issue in this case, filed contemporaneously with this Order.

To be clear, all filings in this case prior to the Intervenor Complaint shall remain sealed, consistent with the August 31, 2021 Order.  The Court orders that the Motion (Doc. 106), Brief (Doc. 107), and Response (Doc. 108) filed with respect to this issue be revised and refiled in accordance with the Court's instruction so that they are suitable for the public docket.  The Court contemplates that the revised versions of these filings shall be much shorter and concise than they are presently.

## II.     ORDER

Consistent with the foregoing, the Court modifies its August 31, 2021 Order, as follows. Relator Dr. D'Cunha's counsel is permitted to share with his non-*qui tam* counsel in a state court case several documents previously filed under seal—namely Docs. 39, 41, 43.  The same documents may be shared with Dr. Lara Schaheen and her counsel, subject to the same restrictions that apply to Relator and Relator's non-*qui tam* counsel.

The Court further orders that parties shall revise their Sealed Motion (Doc. 106), Brief (Doc. 107), and Response (Doc. 108) such that they are suitable for public filing and re-file these filings on or before **March 14, 2022**.

IT IS SO ORDERED.


March 7, 2022                                                                               s\Cathy Bissoon
                                                                                            Cathy Bissoon
                                                                                            United States District Judge


cc:

All Counsel of Record